IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY GRIMES | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-cv-3283 |
| | § | |
| TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY AND | § | |
| TROY TINDALL | § | |
|     Defendant | § | |

## NOTICE OF REMOVAL

Defendant Travelers Home and Marine Insurance Company ("Travelers"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the action captioned as Cause No. 2015V-0123, *Dorothy Grimes v. Travelers Home and Marine Insurance Company and Troy Tindall*; In the 155th Judicial District Court of Austin County, Texas. In support of this Notice of Removal, Travelers respectfully represents the following:

1. Plaintiff Dorothy Grimes ("Plaintiff") commenced the captioned action by filing his Original Petition on September 25, 2015, in the 155th Judicial District Court of Austin County, Texas. Travelers was served on October 9, 2015.

2. Certified copies of all process, pleadings, orders, and the docket sheet from the 155th Judicial District Court of Austin County are being filed with this Notice of Removal.

3. The Petition avers that Plaintiff is a resident of Austin County, Texas.[1] The Petition alleges that Travelers "is an insurance company engaging in the business of insurance in the state of Texas."[2] In fact, Defendant, Travelers, is a Connecticut corporation whose principal place of business is in the state of Connecticut.

---

[1] Petition, ¶ 2.
[2] Id. at ¶ 3.

4. The Original Petition alleges that Troy Tindall ("Tindall") is a citizen of Texas.[3] Tindall's citizenship should be disregarded, however, because Tindall was improperly joined.

5. In the Original Petition, Plaintiff alleges the following facts:

- [Plaintiff] is a named insured under a property insurance policy issued by Travelers.

- On or about March 20, 2013 a storm hit the Sealy, Texas area, damaging [Plaintiff's] property. [Plaintiff] subsequently filed a claim on her insurance policy.

- Travelers denied and/or underpaid the claim.[4]

6. Based on Travelers' denial and/or underpayment of her claims, Plaintiff asserts causes of action against Travelers and Tindall for (1) breach of contract; (2) violation of the Texas Prompt Payment of Claims Action; and (3) violation of Chapter 541 of the Texas Insurance Code.

7. Travelers does not admit the underlying facts as alleged by Plaintiff in her Petition or as summarized above. Travelers expressly denies that it has any liability to Plaintiff.

8. This Notice of Removal is filed within 30 days of service of the Complaint and is, therefore, timely under 28 U.S.C. § 1446 (b).

9. Consent to this removal by Tindall is unnecessary as he was improperly joined as a party.

## TINDALL IS IMPROPERLY JOINED

10. Improper joinder is determined based on an analysis of the causes of action alleged in the petition at the time of removal.[5] The improper joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of jurisdictional facts, or (2) when the plaintiff has no possibility

---

[3] Pl.'s Pet. at ¶ 4.
[4] *Id.* at ¶¶ 9-20.
[5] *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

2

of establishing a cause of action against a non-diverse defendant in state court.[6] If no viable claims exist against the non-diverse defendant, her presence must be disregarded for jurisdictional purposes.[7]

11. Tindall has been improperly joined in this case because none of the claims asserted by Plaintiff provide a basis to recover against Tindall. Tindall committed no independent tort in his individual capacity, and there is no possibility of Plaintiff establishing a cause of action against him.

12. Plaintiff's Texas Insurance Code Chapter 541 claims fail because Plaintiff does not allege any facts to show that Tindall could be held individually liable separate and apart from Travelers. For these allegations, Travelers concedes that under Texas law individual adjusters like Tindall can be held individually liable for violations of Chapter 541.[8] For an adjuster to be held individually liable, however, "they must have committed some act that is prohibited by the section, *not just be connected to an insurance company's denial of coverage.*"[9] Where, as here, Plaintiff does not assert facts to show that Tindall, individually, committed an actionable violation of the Texas Insurance Code giving rise to damages that are independent of the alleged contractual harm caused by the insurer, such claims cannot survive dismissal.[10]

13. In this context, the Texas Southern District has required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic,

---

[6] *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), det. Denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994); *Tedder*, 590 F.2d at 117.
[7] *Griggs*, 181 F.3d at 699; *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).
[8] *Messersmith*, 10 F.Supp.3d. at 724.
[9] *Id.*
[10] *See Nasti v. State Farm Lloyds*, 2014 WL 234352 (S.D. Tex. Feb. 24, 2014) (where petition alleged that adjuster inspected the property and submitted an undervalued estimate to the insurer, "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

3

conclusory, statute-tracking claims against the insurer."[11]  In her Original Petition, Plaintiff recites verbatim sections of Chapter 541 as Tindall's actionable conduct.  The only facts alleged against Tindall is that "Tindall did not conduct a thorough investigation of the claim," "by failing to properly investigate this claim and issuing an undervalued damage estimate, Tindall engaged and unfair settlement practices by misrepresenting material facts (the true value of the covered loss and coverage) to Plaintiff" and "Tindall failed to provide Plaintiff with a reasonable explanation as to why the insurance carrier was not paying Plaintiff for the full value of the covered loss."[12]  Plaintiff, therefore, does not make any allegation of "specific actionable conduct" implicating Tindall separate and apart from the damages claimed for Travelers' denial of the claim.[13]  As a result, there is no possibility of Plaintiff establishing a Chapter 541 claim against Tindall.[14]

14. Plaintiff does not assert claims against Tindall for violation of Chapter 542 of the Texas Insurance Code.

15. This Court should find that Tindall was improperly joined for purposes of diversity jurisdiction.

## DIVERSITY JURISDICTION

16. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a), and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete

---

[11] *Okenkpu v. Allstate Texas Lloyd's*, Civ, A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No, H-10-1846, 2011 WL 240335,- *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York*, Civ. A, No. H-11-123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ, A, No, 14-10-4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H-09-1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H-10-2095, 2011 WL 1044206, *3 (March 16, 2001)).
[12] Pl.'s Pet. at ¶ 32-33.
[13] *Griggs*, 181 F.3d at 700 (5th Cir. 1999) (holding that a showing of a possibility of establishing a state law claim requires the pleading of "specific actionable conduct" implicating the non-diverse defendant).
[14] *Messersmith*, 10 F.Supp.3d. at 724.

4

diversity of citizenship among the relevant parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff is a citizen of the state of Texas and Travelers is a Connecticut corporation whose principal place of business is in the state of Connecticut. As discussed, while Tindall is a resident of the State of Texas, his citizenship is not relevant for diversity purposes because he was fraudulently joined. Consequently, there is complete diversity of citizenship.

17.     The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a). In the Petition, Plaintiff alleges that she seeks "monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees"[15] Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes.[16]

## REMOVAL PROCEDURE

18.     The clerk of the 155th Judicial District Court of Austin County, Texas has been provided notice of this Removal.

19.     The following exhibits are attached hereto and incorporated herein by reference:

      a.  Index of matters being filed;

      b.  List of all parties and counsel of record; and

      c.  Certified copies of all pleadings, process, and orders served upon defendants.

22.     Consent of the improperly joined defendant is not required for removal.

---

[15] Pl.'s Pet. at ¶ 50.
[16] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

## CONCLUSION

23. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Travelers hereby removes this case to this Court for trial and determination.

>Respectfully submitted,
>
>LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
>   A LAW CORPORATION
>
>
>*/s/ Rebecca A. Moore*
>Rebecca A. Moore
>Attorney-in-Charge
>Texas Bar No.: 24031701
>LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
>   A LAW CORPORATION
>815 Walker Street, Suite 1447
>Houston, Texas 77002
>Telephone:  (713) 222-1990
>Facsimile:  (713) 222-1996
>rmoore@lawla.com
>
>ATTORNEY-IN-CHARGE FOR TRAVELERS
>HOME AND MARINE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded via electronic filing and/or facsimile, on this the 6th day of November, 2015 to:

Robert C. Lane
Jack Kitchen
The Lane Law Firm
6200 Savoy Drive, Suite 1150
Houston, Texas 77036

>*/s/ Rebecca A. Moore*
>Rebecca A. Moore