Submitted: 9/25/2015 11:20:02 AM
Sue Murphy, District Clerk
Austin County, Texas
By: Sue Murphy, Deputy

CAUSE NO. 2015V-0123

| | | |
|---|---|---|
| DOROTHY GRIMES, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | AUSTIN COUNTY, TEXAS |
| | § | |
| TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY and | § | |
| TROY TINDALL. | § | |
| | § | |
| **Defendants.** | § | 155TH _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Dorothy Grimes (hereinafter "Plaintiff" or "Grimes"), by and through the undersigned counsel, files this *Plaintiff's Original Petition*, complaining of Travelers Home and Marine Insurance Company ("Travelers") and Troy Tindall (hereinafter "Adjuster" or "Tindall"), and would respectfully show this Honorable Court the following:

### I.
### DISCOVERY PLAN

1. Plaintiff intends discovery to be conducted under Level 3 of the Texas Rules of Civil Procedure, Rule 190.2.

### II.
### PARTIES

2. Plaintiff is an Individual that owns real property in Austin County, Texas.

3. Defendant Travelers Home and Marine Insurance Company is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by private process service, by serving its Registered Agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service is hereby requested.

4.      Defendant Troy Tindall ("Adjuster") is an individual licensed and engaged in practice as an insurance adjuster. Tindall may be served with process through certified mail, return receipt requested or private process service, at his place of residence, located at 4650 Westway Park, Blvd., Houston, Texas 77041. Service is hereby requested.

### III.
### JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

6.      This Court has jurisdiction over Defendant Travelers because this Defendant is a domestic insurance company that engages in the business of insurance in Texas, and Plaintiff's causes of action arise out of this defendant's business activities in Texas.

7.      This Court has jurisdiction over Defendant Tindall because this Defendant is a Texas resident, and Plaintiff's causes of action arise out of this defendant's activities in Texas.

8.      Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Austin County, Texas. Furthermore, venue is proper in Austin, County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

- 2 -

## IV.
## FACTUAL BACKGROUND

9.  Plaintiff is the owner of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which was issued by Travelers.

10. Travelers sold and issued Plaintiff the Policy insuring the Property against damages caused by hail, windstorm and other covered perils.

11. On or about March, 20, 2013 Plaintiff owned real property with improvements located at 220 Pecan Grove, Rd., Sealy, Tx 77474, located in Austin County (hereinafter referred to as "the Property").

12. On or about March 20, 2013, during the Policy period, the Property described above sustained severe damages to the roof due to the direct force of wind and hail. The storm caused extensive damage to the roof, gutters, and interior ceilings.

13. After noticing leaks in the interior of her property, Plaintiff duly notified Travelers of the wind damage sustained, and asked that Travelers pay for damages covered by the terms of the Policy.

14. Travelers then assigned Plaintiff Claim No. HRR7419 (hereinafter "the Claim").

15. After its investigation, Travelers ultimately denied coverage for the roof damage and underpaid for the interior damage. With regard to the roof, Travelers incredibly concluded that there was absolutely no evidence of any wind or hail damage, despite reasonably clear evidence to the contrary.

16. As set forth below, Travelers failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiff's Claim by:

    a)    Wrongfully denying Plaintiff's Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiff is claiming;

- 3 -

b) Underpaying some of Plaintiff's Claim by not providing full coverage for damages sustained to the Property;

c) Improperly and inadequately scoping the damages to the Property during Travelers' investigation; and

d) Continuing to delay in the payment of damages to the Property, including the roof and interior.

17. Additionally, Travelers breached its contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damage to the Property pursuant to the terms of the Policy. Notably, Travelers refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

18. Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

19. Travelers continues to delay in the payment of the damage to the Property despite Plaintiff's requests. Accordingly, Plaintiff has still not been paid in full for the damages to the Property.

20. As a result of Travelers' wrongful acts and omissions, Plaintiff was forced to retain legal counsel to represent Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION

**BREACH OF CONTRACT** (against Travelers)

21. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

22. Although Plaintiff fully cooperated with Travelers, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied,

Travelers has failed and refused to pay to Plaintiff the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

23.     Plaintiff has been required by the actions of Travelers to retain the services of undersigned counsel and has agreed to pay undersigned counsel reasonable attorney's fees.

24.     Travelers' breach proximately caused Plaintiff's injuries and damages.

## UNFAIR SETTLEMENT PRACTICES

25.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26.     Travelers violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of Travelers' violations are actionable pursuant to TEX. INS. CODE § 541.151.

27.     Travelers engaged in the following unfair settlement practices:

a)     Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

b)     Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Travelers' liability under the Policy was reasonably clear. Specifically, Travelers failed to make an attempt to settle the Claim fairly despite the fact that Travelers was aware of its liability to Plaintiff under the Policy.

c)     Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Travelers' denial of the claim or offer of a compromise settlement of the Claim. Specifically, Travelers failed to offer Plaintiff adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

- 5 -

d) Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim. Travelers' outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiff's Property.

28. Each of the foregoing unfair settlement practices was committed with knowledge by Travelers, and was a producing cause of Plaintiff's injuries and damages.

<u>Adjuster Defendant</u>

29. Tindall was assigned by Travelers to evaluate Plaintiff's claim, and was directed to investigate the claim and communicate with Plaintiff about the policy and its terms.

30. Tindall is independently liable for his unfair and deceptive acts, despite the fact that he was acting on behalf of the insurance carrier, because he is a "person" as defined by Tex. Ins. Code § 541.002(2). The term person is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." Tex. Ins. Code § 541.002(2); *See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482,484 (Tex. 1998); *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

31. Tindall was the claim professional tasked with making a coverage decision on Plaintiff's claim.

32. After Travelers' inspection, Tindall issued a claim decision that failed to acknowledge and accept coverage for the covered damage done to Plaintiff's property, despite reasonably clear evidence on the roof to the contrary. This failure demonstrates that Tindall did not conduct a thorough investigation of the Claim.

33. By failing to properly investigate this Claim and issuing an undervalued damage estimate, Tindall engaged in unfair settlement practices by misrepresenting material facts (the true value of the covered loss and coverage) to Plaintiff. Moreover, Tindall failed to provide Plaintiff with a *reasonable* explanation as to why the insurance carrier was not paying Plaintiff for the full value of the covered loss.

34. Tindall engaged in the following unfair settlement practices:

    a)   Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it is reasonably clear that the damage was caused by a covered peril;

    b)   Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though the liability under the Policy was reasonably clear. Specifically, Tindall failed to make an attempt to settle the Claim fairly despite the fact that it was aware of the liability to Plaintiff under the Policy;

    c)   Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Tindall's denial of the claim or offer of a compromise settlement of the Claim; and

    d)   Failing to conduct a reasonable investigation of Plaintiff's Claim pursuant to Tex. Ins. Code § 541.060(7).

35. Each of the foregoing unfair settlement practices was committed with knowledge by Tindall, and was a producing cause of Plaintiff's injuries and damages.

## MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS

36. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

- 7 -

37. Additionally, Travelers' made misrepresentations about Plaintiff's insurance policy and claim in violation of TEX. INS. CODE § 541.061. All of Travelers' violations are actionable pursuant to TEX. INS. CODE § 541.151.

38. Travelers engaged in deceptive insurance practices by making an untrue statement of material fact in violation of § 541.061(1). Specifically, Travelers represented that Plaintiff's property damages were not covered under the policy, even though Plaintiff's property damage was the result of a peril covered under the policy.

Each of the foregoing unfair settlement practices was committed with knowledge by Travelers, and was a producing cause of Plaintiff's injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATIONS (against Travelers)

39. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

40. Plaintiff's Claim is a claim under the insurance Policy issued by Travelers, of which Plaintiff gave Travelers proper notice. As set forth more fully below, Travelers' conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

41. Specifically, Travelers violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by delaying payment of the Claim following Travelers' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. Specifically, Travelers delayed full payment of the Claim and, to date, Plaintiff has still not received any payment on this Claim.

## VI.
## KNOWLEDGE

42. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

43. Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.


## VII.
## DAMAGES

44. Plaintiff would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiff.

45. Plaintiff's damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiff. Upon trial of this case, it will be shown that these damages are a direct result of Travelers' improper handling of the Claim in violation of the laws set forth above.

46. For the breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

47. As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendants' knowing conduct in violating these laws, Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE § 541.152.

48.    Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiff is entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorneys' fees.

49.    As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

50.    Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking monetary relief over $200,000.00 but not more than $ 1,000,000.00.

## VIII.
## JURY DEMAND

51.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and hereby tenders the appropriate jury fee.

## IX.
## REQUEST FOR DISCLOSURE

52.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof, final judgment be rendered for Plaintiff as follows:

1)    Judgment against Defendants for actual damages, including mental anguish, in an amount to be determined by the jury;

- 10 -

I, Sue Murphy, District Clerk of Austin
County, Texas, do hereby certify that the
foregoing is a true, correct and full
copy of the original record consisting of
___11___ page(s), on file in my office.
Witness my official hand and seal of
office this 2nd day of Nov , 20 15 .

SUE MURPHY, DISTRICT CLERK

By: _____ Deputy

2)  Statutory penalties;

3)  Treble damages;

4)  Exemplary and punitive damages;

5)  Prejudgment interest as provided by law;

6)  Postjudgment interest as provided by law;

7)  Attorneys' fees;

8)  Costs of this suit; and

9)  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE LANE LAW FIRM**

By: */s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
Jack Kitchen
State Bar No. 24084320
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Fax
**ATTORNEYS FOR PLAINTIFF**

- 11 -

# CIVIL CASE INFORMATION SHEET (Rev.)

Submitted: 9/25/2015 11:20:02 AM
Sue Murphy, District Clerk
Austin County, Texas
By: Sue Murphy, Deputy

**CAUSE NUMBER (FOR CLERK USE ONLY):** 2015V-0123

**COURT (FOR CLERK USE ONLY):** _____

**STYLED:** Dorothy Grimes v. Travelers home and marine ins. co.& troy tindall

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: brian borrego | Email: brian.borrego @lanelaw.com | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| | | Plaintiff(s)/Petitioner(s): Dorothy Grims | ☐ Attorney for Plaintiff/Petitioner |
| Address: 6200 savoy ste 1150 | Telephone: 7.595.8209 | | ☐ Pro Se Plaintiff/Petitioner |
| | | | ☐ Title IV-D Agency |
| | | | ☑ Other: paralegal |
| City/State/Zip: hou tx 77036 | Fax: | Defendant(s)/Respondent(s): Travelers home and marine insurance co. troy tindall | Additional Parties in Child Support Case: |
| | | | Custodial Parent: |
| Signature: BBORREGO | State Bar No: | | Non-Custodial Parent: |
| | | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type or identify the most important issue in the case (select only 1):

| Civil | | | Family Law |
|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |

### Contract

**Debt/Contract**
☐ Consumer/DTPA
☑ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

**Foreclosure**
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

### Injury or Damage
☐ Assault/Battery
☐ Construction
☐ Defamation
**Malpractice**
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:

☐ Motor Vehicle Accident
☐ Premises
**Product Liability**
☐ Asbestos/Silica
☐ Other Product Liability List Product:

☐ Other Injury or Damage:

### Real Property
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

### Related to Criminal Matters
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other:

### Marriage Relationship
☐ Annulment
☐ Declare Marriage Void
**Divorce**
☐ With Children
☐ No Children

### Other Family Law
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

### Post-judgment Actions (non-Title IV-D)
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

### Parent-Child Relationship
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

### Employment
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

### Other Civil
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property

☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

### Tax
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health
**Probate/Wills/Intestate Administration**
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action

☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment

☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

I, Sue Murphy, District Clerk of Austin
County, Texas, do hereby certify that the
foregoing is a true, correct and full
copy of the original record consisting of
____ page(s), on file in my office.
Witness my official hand and seal of
office this ___ day of Nov , 20 15

SUE MURPHY, DISTRICT CLERK,
By _____ Deputy

# Instructions for Completing the Texas Civil Case Information Sheet

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. If the original petition, application or post-judgment petition or motion is e-filed, the case information sheet must not be the lead document.

This sheet, required by Rule 78a of the Texas Rules of Civil Procedure, is intended to collect information that will be used for statistical and administrative purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

The attorney or self-represented (*pro se*) plaintiff/petitioner filing the case or post-judgment petition or motion should complete the sheet as follows:

## 1. Contact information

    a) **Contact information for person completing case information sheet.** Enter the following information:
- name;
- address;
- city, state, and zip code;
- email address;
- telephone number;
- fax number, if available;
- State Bar number, if the person is an attorney; and
- signature. (*NOTE: When a case information sheet is submitted electronically, the signature may be a scanned image or "/s/" and the name of the person completing the case information sheet typed in the space where the signature would otherwise appear.*)

    b) **Names of parties in the case.** Enter the name(s) of the:
      (*NOTE: If the name of a party to a case is confidential, enter the party's initials rather than the party's name.*)
- plaintiff(s) or petitioner(s);
- defendant(s) or respondent(s); and
- in child support cases, additional parties in the case, including the:
  - custodial parent;
  - non-custodial parent; and
  - presumed father.

      Attach an additional page as necessary to list all parties.

    c) **Person or entity completing sheet is.** Indicate whether the person completing the sheet, or the entity for which the sheet is being completed, is:
- an attorney for the plaintiff or petitioner;
- a *pro se* (self-represented) plaintiff or petitioner;
- the Title IV-D agency; or
- other (provide name of person or entity).

## 2. Case type.
    Select the case category that best reflects the most important issue in the case. *You must select only one.*

## 3. Procedure or remedy.
    If applicable, select any of the available procedures or remedies being sought in the case. You may select more than one.

## 4. Damages sought.
    Select the damages being sought in the case:
    (*NOTE: If the claim is governed by the Family Code, do not indicate the damages sought.*)
- only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees;
- monetary relief over $100,000 or less and non-monetary relief;
- monetary relief over $100,000 but nor more than $200,000;
- monetary relief over $200,000 but less than $1,000,000; or
- monetary relief over $1,000,000.

Rev 2/13

# SHERIFF'S RETURN

CAME TO HAND ON _____ DAY OF _____, 2015 AT _____ O'CLOCK _____.M., AND EXECUTED IN _____ COUNTY, TEXAS, BY DELIVERING TO EACH OF THE WITHIN-NAMED DEFENDANTS IN PERSON, A TRUE COPY OF THIS CITATION, HAVING FIRST ENDORSED THEREON THE DATE OF DELIVERY, TOGETHER WITH THE ACCOMPANYING TRUE AND CORRECT COPY OF THE _____ _____, AT THE FOLLOWING TIMES AND PLACES TO-WIT:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURT HOUSE |
|------|------|------|-------------------------------------------|
|      |      |      |                                           |
|      |      |      |                                           |
|      |      |      |                                           |

AND NOT EXECUTED AS TO THE DEFENDANT _____, _____ _____ _____ THE DILIGENCE USED IN FINDING SAID DEFENDANT _____, BEING _____ _____ AND THE CAUSE OF FAILURE TO EXECUTE THIS PROCESS IS: _____ _____ AND THE INFORMATION RECEIVED AS TO THE WHEREABOUTS OF THE SAID DEFENDANT _____, BEING _____ _____.

FEES - - SERVING _____ COP _____ $_____

_____ SHERIFF
_____ COUNTY, TEXAS
TOTAL _____ $_____    BY _____ DEPUTY

# CERTIFICATE OF DELIVERY

I DO HEREBY CERTIFY THAT I DELIVERED TO _____ _____, _____ ON THE _____ DAY OF _____, 2015, AT _____ O'CLOCK ____.M. THIS COPY OF THIS INSTRUMENT.

_____ SHERIFF
_____ COUNTY, TEXAS
BY _____ DEPUTY

### DECLARATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

MY NAME IS _____, MY DATE OF BIRTH IS _____ _____, AND MY ADDRESS IS _____, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED IN _____ COUNTY, STATE OF _____, ON THE ___ DAY OF _____, 2015.

_____
DECLARANT

CERTIFIED PROCESS SERVER IDENTIFICATION NUMBER _____,
EXPIRATION DATE: _____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TRAVELERS HOME AND MARINE INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH ST, STE 620
AUSTIN TX 78701

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S ORIGINAL PETITION AT OR BEFORE 10:00 A.M. OF THE MONDAY NEXT AFTER THE EXPIRATION OF TWENTY DAYS AFTER THE DATE OF SERVICE OF THIS CITATION BEFORE THE HONORABLE DISTRICT COURT OF AUSTIN COUNTY, TEXAS AT THE COURTHOUSE OF SAID COUNTY ON THE SECOND FLOOR ON BELLVILLE, TEXAS. SAID PLAINTIFF'S ORIGINAL PETITION WAS FILED ON THE DOCKET OF SAID COURT SEPTEMBER 25, 2015 WITH THE FOLLOWING PARTIES AND NUMBERED:

## NO. 2015V-0123

| | |
|---|---|
| DOROTHY GRIMES | IN THE DISTRICT COURT |
| VS. | AUSTIN COUNTY, TEXAS |
| TRAVELERS HOME AND MARINE INSURANCE | 155TH JUDICIAL DISTRICT |
| COMPANY AND TROY TINDALL | |

THE NAME AND ADDRESS OF ATTORNEY REPRESENTING THE PETITIONER IS:

ROBERT C. LANE
ATTORNEY AT LAW
6200 SAVOY DR STE 1150
HOUSTON TX 77036
713-595-8200

THE NATURE OF PETITIONER'S DEMAND IS FULLY SHOWN BY A TRUE AND CORRECT COPY OF PLAINTIFF'S ORIGINAL PETITION ACCOMPANYING THIS CITATION AND MADE A PART HEREOF.

THE OFFICER EXECUTING THIS WRIT SHALL PROMPTLY SERVE THE SAME ACCORDING TO REQUIREMENT OF LAW, AND THE MANDATES THEREOF, AND MAKE DUE RETURN AS THE LAW DIRECTS.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT BELLVILLE, TEXAS ON SEPTEMBER 25, 2015.

ATTEST:

SUE MURPHY, DISTRICT CLERK

(SEAL)

BY: _____

DEPUTY

ONE EAST MAIN, BELLVILLE,
AUSTIN COUNTY, TEXAS 77418

I, Sue Murphy, District Clerk of Austin
County, Texas, do hereby certify that the
foregoing is a true, correct and full
copy of the original record consisting of
___ page(s), on file in my office.
Witness my official hand and seal of
office this ___ day of _____, 20__.

SUE MURPHY, DISTRICT CLERK
By_____ Deputy

Submitted: 10/12/2015 1:09:11 PM
Sue Murphy, District Clerk
Austin County, Texas
By: Sue Murphy, Deputy

## CAUSE NO. 2015V-0123

| | | |
|---|---|---|
| DOROTHY GRIMES, **PLAINTIFF** | § § § | |
| | § | IN THE 155TH JUDICIAL DISTRICT COURT |
| VS. | § | |
| | § | AUSTIN COUNTY, TX |
| TRAVELERS HOME, ET AL, **DEFENDANT** | § § § | |

## RETURN OF SERVICE

**ON Tuesday, October 06, 2015 AT 08:04 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION **CAME TO HAND.**

**ON Friday, October 09, 2015 AT 03:25 PM, I, BARBARA STINNETT, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** TRAVELERS HOME AND MARINE INSURANCE COMPANY, C/O REGISTERED AGENT CORPORATION SERVICE COMPANY, BY DELIVERING TO DESIGNATED AGENT SUE VERTREES, 211 E. 7TH ST, STE 620, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is BARBARA STINNETT. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (SCH 01181, Expires Monday, July 31, 2017). My date of birth is December 28, 1961. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, Texas on Friday, October 09, 2015.

/S/ BARBARA STINNETT

DocID: P232231_1

2015V-0123

# SHERIFF'S RETURN

CAME TO HAND ON _____ DAY OF _____, 2015 AT _____ O'CLOCK _____.M., AND EXECUTED IN _____ COUNTY, TEXAS, BY DELIVERING TO EACH OF THE WITHIN-NAMED DEFENDANTS IN PERSON, A TRUE COPY OF THIS CITATION, HAVING FIRST ENDORSED THEREON THE DATE OF DELIVERY, TOGETHER WITH THE ACCOMPANYING TRUE AND CORRECT COPY OF THE _____ _____, AT THE FOLLOWING TIMES AND PLACES TO-WIT:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURT HOUSE |
|------|------|------|-------------------------------------------|
|      |      |      |                                           |
|      |      |      |                                           |
|      |      |      |                                           |

AND NOT EXECUTED AS TO THE DEFENDANT _____, _____ _____ _____ THE DILIGENCE USED IN FINDING SAID DEFENDANT _____, BEING _____ _____ AND THE CAUSE OF FAILURE TO EXECUTE THIS PROCESS IS: _____ _____ AND THE INFORMATION RECEIVED AS TO THE WHEREABOUTS OF THE SAID DEFENDANT _____, BEING _____ _____.

FEES - - SERVING _____ COP _____ $_____

_____ SHERIFF
_____ COUNTY, TEXAS
TOTAL _____ $_____      BY _____ DEPUTY

# CERTIFICATE OF DELIVERY

I DO HEREBY CERTIFY THAT I DELIVERED TO _____ _____, _____ ON THE _____ DAY OF _____, 2015, AT _____ O'CLOCK _____.M. THIS COPY OF THIS INSTRUMENT.

_____ SHERIFF
_____ COUNTY, TEXAS
BY _____ DEPUTY

### DECLARATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

MY NAME IS _____, MY DATE OF BIRTH IS _____ _____, AND MY ADDRESS IS _____, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED IN _____ COUNTY, STATE OF _____, ON THE ___ DAY OF _____, 2015.

_____
DECLARANT

CERTIFIED PROCESS SERVER IDENTIFICATION NUMBER _____, EXPIRATION DATE: _____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TROY TINDALL
4650 WESTWAY PARK BLVD
HOUSTON TX 77041

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S ORIGINAL PETITION AT OR BEFORE 10:00 A.M. OF THE MONDAY NEXT AFTER THE EXPIRATION OF TWENTY DAYS AFTER THE DATE OF SERVICE OF THIS CITATION BEFORE THE HONORABLE DISTRICT COURT OF AUSTIN COUNTY, TEXAS AT THE COURTHOUSE OF SAID COUNTY ON THE SECOND FLOOR ON BELLVILLE, TEXAS. SAID PLAINTIFF'S ORIGINAL PETITION WAS FILED ON THE DOCKET OF SAID COURT SEPTEMBER 25, 2015 WITH THE FOLLOWING PARTIES AND NUMBERED:

NO. 2015V-0123

DOROTHY GRIMES      IN THE DISTRICT COURT
VS.      AUSTIN COUNTY, TEXAS
TRAVELERS HOME AND MARINE INSURANCE      155TH JUDICIAL DISTRICT
COMPANY AND TROY TINDALL

THE NAME AND ADDRESS OF ATTORNEY REPRESENTING THE PETITIONER IS:

ROBERT C. LANE
ATTORNEY AT LAW
6200 SAVOY DR STE 1150
HOUSTON TX 77036
713-595-8200

THE NATURE OF PETITIONER'S DEMAND IS FULLY SHOWN BY A TRUE AND CORRECT COPY OF PLAINTIFF'S ORIGINAL PETITION ACCOMPANYING THIS CITATION AND MADE A PART HEREOF.

THE OFFICER EXECUTING THIS WRIT SHALL PROMPTLY SERVE THE SAME ACCORDING TO REQUIREMENT OF LAW, AND THE MANDATES THEREOF, AND MAKE DUE RETURN AS THE LAW DIRECTS.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT BELLVILLE, TEXAS ON SEPTEMBER 25, 2015.

ATTEST: _____      ONE EAST MAIN, BELLVILLE,
       SUE MURPHY, DISTRICT CLERK      AUSTIN COUNTY, TEXAS 77418
(SEAL)
BY: _____
    DEPUTY

Submitted: 10/16/2015 10:07:06 AM
Sue Murphy, District Clerk
Austin County, Texas
By: Sue Murphy, Deputy

### CAUSE NO. 2015V-0123

|  |  |  |
|---|---|---|
| DOROTHY GRIMES, | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE   155TH JUDICIAL DISTRICT COURT |
| | § | |
| | § | AUSTIN COUNTY, TX |
| TRAVELERS HOME, ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

### RETURN OF SERVICE

**On October 09, 2015 at 11:38 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION CAME TO HAND.

**ON October 14, 2015 at 12:54 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **TROY TINDALL AT 4650 WESTWAY PARK BLVD, HOUSTON, HARRIS COUNTY, TX 77041** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0017 2536 87)**

My name is ERICA ZUNIGA. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (SCH 07483, expires Friday, September 30, 2016). My date of birth is April 30, 1988. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas on Wednesday, October 14, 2015.

**/S/ ERICA ZUNIGA**

Client Reference#: 2015V-0123

DocID: 232231-003



# ☰USPS.COM.

## USPS Tracking®

**Customer Service ›**
Have questions? We're here to help.

**Get Easy Tracking Updates ›**
Sign up for My USPS.

Tracking Number: 9314769904300017253687

## Product & Tracking Information

| Postal Product: | Features: | |
| --- | --- | --- |
| First-Class Mail® | Certified Mail™ | Return Receipt |

**Available Actions**

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| October 14, 2015 , 12:54 pm | Delivered | HOUSTON, TX 77041 |
| Your item was delivered at 12:54 pm on October 14, 2015 in HOUSTON, TX 77041. | | |
| October 10, 2015 , 9:42 am | Departed USPS Destination Facility | NORTH HOUSTON, TX 77315 |
| October 9, 2015 , 10:21 pm | Arrived at USPS Destination Facility | NORTH HOUSTON, TX 77315 |
| October 9, 2015 | Pre-Shipment Info Sent to USPS | |

*Certified Article Number*   *SENDERS RECORD*

## Track Another Package

Tracking (or receipt) number

[                                        ]  **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



HELPFUL LINKS
Contact Us
Site Index
FAQs

ON ABOUT.USPS.COM
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

OTHER USPS SITES
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

LEGAL INFORMATION
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2015 USPS. All Rights Reserved.

I, Sue Murphy, District Clerk of Austin
County, Texas, do hereby certify that the
foregoing is a true, correct and full
copy of the original record consisting of
___ page(s), on file in my office.
Witness my official hand and seal of
office this ___ day of ___ , 20___

SUE MURPHY, DISTRICT CLERK

By _____ Deputy

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature    Travelers Insurance
4650 Westway Park Blvd.
X    Houston TX  77041    ☐ Agent
☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

Reference Information

232231.3

1. Article Addressed to:

TROY TINDALL
4650 WESTWAY PARK BLVD
HOUSTON, TX 77041

3. Service Type   CERTIFIED MAIL®

9314 7699 0430 0017 2536 87

4. Restricted Delivery? (Extra Fee)    ☐ Yes

PS Form 3811, January 2005

Submitted: 11/2/2015 11:16:43 AM
Sue Murphy, District Clerk
Austin County, Texas
By: Sue Murphy, Deputy

Cause No. 2015V-0123

| | | |
|---|---|---|
| DOROTHY GRIMES | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| v. | § | AUSTIN COUNTY, TEXAS |
| | § | |
| TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY AND | § | |
| TROY TINDALL | § | |
|     Defendants | § | 155th JUDICIAL DISTRICT |

## TRAVELERS HOME AND MARINE INSURANCE COMPANY'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS, AND DEFENSES

Travelers Home and Marine Insurance Company ("Travelers"), files this Original Answer, Special Exceptions, and Defenses pursuant to Texas Rules of Civil Procedure 91, 92, 93 and 94. In support of this Answer shows the following:

### I.
### GENERAL DENIAL

Pursuant to Tex. R. Civ. P. 92, Travelers generally denies the material allegations contained in Plaintiff's Original Petition (the "Petition"), including any supplementation or amendments, and demands strict proof by a preponderance of the evidence on all of Plaintiff's claims, if Plaintiff can do so.

### II.
### DISCOVERY PLAN: LEVEL TWO

The guidelines and constraints of Level Two classification under the Texas Rules of Civil Procedure 190 and any docket control order issued by the Court are proper and controlling for this lawsuit. Plaintiff asserts in her Petition that discovery is to be conducted under Level Three. Plaintiff's designation of Level Three is not automatic. The commentary to Texas Rule of Civil Procedure 190.6 provides:

1

> The initial pleading required by Rule 190.1 is merely to notify the court and other parties of the plaintiff's intention; it does not determine the applicable discovery level or bind the court or other parties.

Plaintiff's statement in the initial paragraph of the Petition that the case is to be governed by Level Three does not make Level Three applicable, as a case can be in Level Three only by court order.

This case is not complex, nor does it require extensive discovery. This lawsuit simply involves allegations that Plaintiff is entitled to benefits under the insurance policy at issue (the "Policy"). The case is not appropriate for a Level Three designation, and Travelers opposes Plaintiff's attempt to have the Court designate it as such.

## III.
## SPECIAL EXCEPTIONS

### FIRST SPECIAL EXCEPTION
### Failure to Perform Conditions Precedent

To the extent a policy exists that provides coverage to Plaintiff, Plaintiff's claims are barred in whole or in part because Plaintiff failed to comply with all conditions precedent to any right to recover under the insurance policy. Plaintiff failed to prove that the alleged loss was a covered loss, and failed to segregate the portion of the alleged loss that was covered from uncovered losses.

### SECOND SPECIAL EXCEPTION
### Plaintiff's Breach of Contract Claim

Travelers specially excepts to the breach of contract cause of action in the Petition in which Plaintiff vaguely and generally alleges that Travelers breached a contract of insurance. This vague and indefinite breach of contract claim fails to provide: (1) fair notice of the elements and facts of the loss allegedly sustained by Plaintiff; (2) fair notice of facts showing Plaintiff's

2

alleged loss was covered under the terms of the insurance contract at issue; or (3) fair notice of the acts or omissions by Travelers that amount to a breach of its contractual obligations, if any, to Plaintiff.[1]

The basic elements of a cause of action for breach of contract are: (1) there is a valid enforceable contract; (2) plaintiff performed his contractual obligations; (3) defendant committed a material breach of the contract; and (4) defendant's breach caused the injury for which the plaintiff seeks damages. Plaintiff should be required to amend the breach of contract claim and state with particularity: (1) the facts and elements supporting its alleged loss; (2) the facts demonstrating the portion of the losses covered by the contract of insurance in question; (3) the acts or omissions by Travelers that allegedly amounted to a breach of the contract, if any; and (4) the maximum amount of damages sought by Plaintiff for the alleged breach. Plaintiff should further be required to plead such facts as are necessary to identify the date(s) the causes of action accrued.

### THIRD SPECIAL EXCEPTION
#### Plaintiff's Claim for Noncompliance with Texas Insurance Code

Travelers specially excepts to the causes of action in the Petition for noncompliance with the Texas Insurance Code, because Plaintiff's claims regarding Travelers' alleged Insurance Code violations are deficient. The elements of a cause of action for violation of Chapter 541 of the Texas Insurance Code are: (1) plaintiff is a "person" as defined by Texas Insurance Code Section 541.002(2); (2) defendants' acts or practices violated a section of the Texas Insurance Code, violated section 17.46(b) of the Texas Business and Commerce Code, or a tie-in provision of the Business & Commerce Code; and (3) defendants' alleged acts or practices were a

---

[1] *Subia v. Texas Dept. Of Human Serv.*, 750 S.W.2d 827, 829 (Tex. App. – El Paso 1988, no writ) (trial court can order the Plaintiff to specifically plead a cause of action which is originally pled in general terms).

producing cause of actual damage to plaintiff.[2]  To the extent Plaintiff intended to include a claim for breach of Chapter 541 of the Texas Insurance Code, Plaintiff fails to give fair notice of the facts and circumstances supporting the alleged violation(s).  Plaintiff should be required to file an amended pleading that sets forth facts in support of Plaintiff's claim for Travelers' alleged violations of Section 541 of the Texas Insurance Code, and the damage claimed from such violations.

Travelers further specially excepts to the causes of action in the Petition for noncompliance with Section 542 of the Texas Insurance Code (the Prompt Payment Statute), because Plaintiff's vague and indefinite claims regarding Travelers' alleged violations of Section 542 are deficient.[3]  Plaintiff fails to give fair notice of the facts and circumstances supporting the alleged violation(s) of Section 542.  Plaintiff should be required to file an amended pleading that sets forth facts in support of Plaintiff's claim for Travelers' alleged violations of Section 542 of the Texas Insurance Code, and the damage claimed from such violations.

Further, Plaintiff alleges only generally that Travelers violated subparts of the Texas Insurance Code, but fail to allege any facts predicating these claims.  Plaintiff should be required to file an amended pleading that sets forth the elements, facts, and evidence in support of his claims for Travelers' alleged Insurance Code violations, and all related alleged damages.

## FOURTH SPECIAL EXCEPTION
### Plaintiff's Claims for Knowing Conduct

Travelers specially excepts to Plaintiff's claims that Travelers acted knowingly, as the term is used in the Texas Insurance Code, because no facts were provided to give fair notice of

---

[2] TEX. INS. CODE Art. 21.21, section 2(a), 16; TEX. BUS. & COM. Code section 17.46(b); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 1999); *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 99 (Tex. 1994); *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 147 (Tex. 1994).

[3] *Subia v. Texas Dept. of Human Services*, 750 S.W.2d 827, 829 (Tex. App. – El Paso, 1988, no writ) (allegations solely tracking statutory grounds did not give Defendant fair notice of facts and circumstances.

4

Plaintiff's claims. Travelers requests that Plaintiff be required to file an amended pleading that sets forth each element and supporting facts for these claims of knowing conduct.

### FIFTH SPECIAL EXCEPTION
### Plaintiff's Claim for Punitive or Exemplary Damages

Travelers specially excepts to Plaintiff's claim for an award of punitive or exemplary damages. Plaintiff fails to give Travelers fair notice of what conduct allegedly entitles Plaintiff to a punitive or exemplary damage award. Plaintiff should be required to re-plead and state with particularity the elements, facts, and evidence allegedly warranting the imposition of punitive or exemplary damages.[4]

## IV.
## DEFENSES

### FIRST DEFENSE
### Failure to State a Claim

Plaintiff's causes of action are barred in whole or in part because Plaintiff fails to state a claim on which relief can be granted. Plaintiff fails to describe how Travelers' alleged breach of the insurance contract could be converted to support any other causes of action including but not limited to breach of the duty of good faith and fair dealing, or violations under the Texas Insurance Code by all Defendants.

### SECOND DEFENSE
### Policy Provisions Limit or Preclude Coverage

The insurance policy issued by Travelers includes exclusions and provisions that preclude or limit coverage in whole or in part.

---

[4] *See Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex. 1981) (in a suit to recover exemplary damages, Plaintiff must sufficiently allege allegations of misconduct warranting imposition of same).

### THIRD DEFENSE
### *Bona Fide* Controversy/Liability Not "Reasonably Clear"

As to Plaintiff's extra-contractual claims alleging bad faith, a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits. Travelers has the right to value claims differently from those asserting claims under the policy without facing bad faith liability. Travelers will show that a *bona fide* controversy existed regarding the alleged covered loss.

### FOURTH DEFENSE
### Due Process

To the extent Plaintiff prays for punitive or exemplary damages, Travelers invokes its rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Travelers affirmatively pleads that Plaintiff's claim for punitive or exemplary damages violates the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as:

1. Punitive or exemplary damages can be assessed in an amount left to the discretion of the jury and judge;

2. A jury award of punitive or exemplary damages need only be based on vote of ten jurors and does not require a unanimous verdict;

3. To obtain an award of punitive or exemplary damages, Plaintiff needs to only prove the theory of gross negligence on a "preponderance of the evidence" standard and not to the "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

4. Travelers, and its officers, do not have the right to refuse to testify against themselves, but must in fact take the stand and/or give deposition testimony or subject the company to the consequences of a default judgment;

5. The assessment of punitive or exemplary damages is not based on a clearly defined statutory enactment setting forth a specific intentionality requirement or the specific prerequisites for such a finding and in effect, such damages can be awarded even though there are no special standards, limits or other statutory requirements to define the means and scope and limit of such awards, rendering

6

such awards unduly vague and unsupportable under the requirements of due process; and

6.  In essence, Travelers is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but Travelers receives none of the basic rights accorded to criminal defendants when they are subjected to possible criminal penalties.

## FIFTH DEFENSE
### Equal Protection

To the extent Plaintiff prays for punitive or exemplary damages, that request should be denied because it violates Travelers' equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

## SIXTH DEFENSE
### Punitive Damage Limitation

Any award of punitive or exemplary damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009.

## SEVENTH DEFENSE
### Damage Limitation

Plaintiff's contract damages, if any, are limited by the amount set forth in the limitations provisions of the applicable insurance policy. Plaintiff's contract damages cannot exceed the applicable policy limits.

7

## EIGHTH DEFENSE
### Absence of Policy Coverage Precludes Extra-Contractual Liability

The existence of coverage for Plaintiff's insurance claim is necessary to establish any basis for Plaintiff's extra-contractual and Insurance Code claims. Because Plaintiff's allegations are generally based on Travelers' alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions, or the absence of coverage for any additional benefits under the Policy precludes Plaintiff's Insurance Code and all other extra-contractual claims against all Defendants.

## NINTH DEFENSE
### Failure to Satisfy Conditions Precedent

Plaintiff did not plead with specificity the performance or occurrence of all conditions precedent to recovery under the Policy.[5] Travelers demands strict proof that each and every condition precedent was performed or has occurred.[6]

## TENTH DEFENSE
### Reservation of Right to Appraisal

To the extent that Plaintiff presents evidence inconsistent with Travelers' investigation and conclusions regarding the amount of loss or cost of repair under the policy at issue, and the parties are unable to reach an agreement to resolve this matter, Travelers reserves, and does not waive, the right of any party to the insurance contract to invoke appraisal. The policy contains an appraisal clause allowing either party to invoke the appraisal process in the event that there is disagreement concerning the amount of loss for covered losses under the policy.

---

5 *See* TEX. R. CIV. P. 54.
6 *See Grimm v. Grimm*, 864 S.W.2d 160, 162 (Tex. App.—Houston [14th Dist.] 1993, no writ).

8

I, Sue Murphy, District Clerk of Austin
County, Texas, do hereby certify that the
foregoing is a true, correct and full
copy of the original record consisting of
____9___ page(s), on file in my office.
Witness my official hand and seal of
office this _____day of __Nov__, 20 1_5_

SUE MURPHY, DISTRICT CLERK

By: _____ Deputy

WHEREFORE, Defendant, Travelers Home and Marine Insurance Company prays that on final trial and hearing, Plaintiff takes nothing, that Travelers recover its costs, fees, and expenses, and for such other and further relief to which Travelers may show itself justly entitled, both in law and at equity.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD, A LAW CORPORATION

/s/ Rebecca A. Moore
Rebecca A. Moore
rmoore@lawla.com
Texas Bar No. 24031701
815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone: (713) 222-1990
Facsimile: (713) 222-1996

ATTORNEYS FOR DEFENDANT,
TRAVELERS HOME AND MARINE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading has been forwarded via electronic filing or facsimile to all counsel of record, on this the 2nd day of November, 2015 to:

Robert C. Lane
Jack Kitchen
The Lane Law Firm
6200 Savoy Drive, Suite 1150
Houston, Texas 77036

/s/ Rebecca A. Moore
Rebecca A. Moore

9